IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 36996-0-III |
| | ) | |
| MIZAEL MAGANA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Mizael Magana has filed a petition for relief from personal

restraint imposed following his 2009 conviction for two counts of first degree assault with

firearm enhancements and one count of drive-by shooting. At the age of 16, Mr. Magana

was tried in adult court for these crimes. Recognizing Mr. Magana's youth, the trial court

imposed an exceptional downward sentence of 24 months for each his two first degree

assault convictions, which were to be run consecutively. It also imposed a standard range

sentence of 48 months on his conviction for drive-by shooting, to be run concurrently

with his assault sentences. Finally, the court imposed 120 months with no credit for good

behavior for the two mandatory firearm enhancements, resulting in a total term of

confinement of 168 months. When imposing the firearm enhancements, the court

lamented its lack of discretion to impose a lighter sentence. In 2019, Mr. Magana filed a

personal restraint petition, seeking resentencing under *State v. Houston-Sconiers*, 188

Wn.2d 1, 21, 391 P.3d 409 (2017).

Mr. Magana's petition is timely, falling under an exception to the one-year time bar because *Houston-Sconiers* is retroactively applicable. *See* RCW 10.73.100(6); *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), *cert. denied sub nom. Washington v. Ali*, 141 S. Ct. 1754 (2021). The State concedes that based on the trial court's comments expressing its desire to impose a lower sentence had it the discretion to do so, Mr. Magana can establish both error and prejudice. *See Ali*, 196 Wn.2d at 243-44. Accordingly, the State agrees that Mr. Magana is entitled to resentencing consistent with *Houston-Sconiers*.

Based on our own review of Mr. Magana's petition, and the State's concessions, we grant the personal restrain petition and remand to the superior court for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Staab, J.

2